**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE SANTILLANA-HERNANDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-72274

Agency No. A200-282-455

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019[**]

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Jose Santillana-Hernandez, a native and citizen of Guatemala, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review questions of law de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent

that deference is owed to the BIA's interpretation of the governing statutes and

regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in

part and dismiss in part the petition for review.

The agency did not err in finding that Santillana-Hernandez failed to

establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d

1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular

group, "[t]he applicant must 'establish that the group is (1) composed of members

who share a common immutable characteristic, (2) defined with particularity, and

(3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*,

26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barrios v. Holder*, 581 F.3d 849,

854-55 (9th Cir. 2009) (holding that young men from Guatemala who resist gang

recruitment is not a particular social group). Thus, Santillana-Hernandez's asylum

claim fails.

We lack jurisdiction to consider Santillana-Hernandez's contention

regarding his claim for relief under the Convention Against Torture because he

failed to raise it to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir.

2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**